Trustees of the First Methodist Episcopal Church of Middletown
vs.
Agnes B. Ward, Town Treasurer

No. 4472.

DECISION.

December 31, 1932.

CARPENTER, J. This is an action of assumpsit brought to recover the sum of $65 which was paid under written protest on January 12, 1931, to the Collector of Taxes of the Town of Middletown by the First Methodist Episcopal Church in payment of an assessment of $5,000 made on June 15, 1930, upon that part of the church edifice described in the testimony as the annex, and is set out on the assessment rolls as "annex to church edifice and rooms for entertainment."

No question was raised during the trial of the case as to the legality of the tax excepting that the property upon which the tax was assessed was exempt from taxation.

The plaintiff is a religious corporation incorporated by an act of the General Assembly of the State of Rhode Island in May, 1860, and authorized by its charter to conduct the public

worship of Almighty God according to the rights, doctrines, laws, usages and discipline of the Methodist Episcopal Church of the United States.

The church building formerly consisted of an auditorium 48 feet long and 24 feet wide, with an annex used for a Sunday School which was built onto the east side of the auditorium measuring 48 feet by 24 feet. In May, 1928, the annex was extended easterly 35 feet, giving the church a Sunday School 48 feet by 59 feet in dimension. The church auditorium and annex are all one building under one roof. The new portion of the annex is distinguishable in the picture of the church by the light color of the shingles. Aside from the difference in color of the shingles, which is due to age, there is nothing about the appearance or structure of the new part to distinguish it from the old part. It is all one building.

That part of the building which is taxed and referred to in the testimony as the annex, joins the easterly side wall of the main auditorium. There are four doors connecting the auditorium and annex. The main floor of the annex has a room running east and west, the length of the annex, 24 feet by 58 feet, called the Assembly Room, where the Sunday School meets.

Leading off of this room on the northerly side of the annex are four rooms which were designed for and used as class rooms for the Sunday School. Leading off the Assembly Room on the southerly side are two rooms, one of which was designed and is used for the ladies' parlor, and the other was designed and is used as a class room for the Sunday School and a meeting place for the young people's devotional society, the Epworth League, on Sunday evening. These rooms are all separated by walls, but connected with each other by twelve or fourteen doors.

The basement of the annex has a kitchen, dining room and toilets. There was a kitchen and dining room in the old building. They were enlarged when the addition was built.

The annex is used for the regular religious meetings of the church. The addition to the annex was made in order to provide increased facilities for the religious and spiritual life of the church.

The Sunday School meets every Sunday at noon in the annex, and uses the whole annex. The entire Sunday School meets in the Assembly Room and then divides itself into classes which meet in the smaller rooms. Every Sunday evening the Young People's society of the church, or the Epworth League, as it is called, holds its devotional meeting in one of the larger class rooms. The Church Night meetings on Wednesday evenings are held in the annex. These consist of a supper held in the dining room followed by devotional services, instruction in religious and moral teaching.

There are classes in religious or educational matters. Then there are classes for the various groups of the younger children, and for the youth, and also for adults, these sets of classes closing with an entertainment feature. Those are the chief or primary uses to which the annex is put. It is also used in summer for the daily vacation Bible school and religious instruction in the Bible, combined with recreation. The floor of the Assembly Room is marked off for basket ball, and the girls and boys play basket ball there. The Young People's Society of the church uses it for its monthly social or other functions; also for their girls' and boys' basket ball teams to practice and play in.

The Home Demonstrating Agent of the Rhode Island Farm Bureau holds monthly meetings in the annex; the Red Cross requested the use of the building for baby clinics and home nursing instruction and uses it for that purpose; the Boy Scouts meet there once a week.

The people who attend these Farm Bureau, Red Cross and Boy Scout meetings embrace the same people largely as the constituency of the church. Sacred, secular and missionary plays are given there by the societies of the church. Basket ball is played three nights a week during the basket ball season; the young men, the young women, and the Boy Scouts of the church each having a night. There is no gymnastic equipment in the building and the walls are not suitable for that purpose.

The church property was used for all the above purposes for many years before the addition to the annex was built, or the property taxed, with the exception of the Home Department of the Farm Bureau, which did not come into existence until 1930.

The plaintiff called three witnesses, Rev. James V. Claypool, who had been pastor of the church for the six years last past; Rev. Myron E. Genter, who has been a pastor of the Methodist Episcopal Church for thirty-two years; and Fred P. Weber, Principal of Rogers High School in Newport, who is President of the Board of Trustees of the Middletown Church.

The principal and primary purposes of · building the addition was to provide for the expanding Sunday School, and that purpose has been carried out in the use of the building without any exception. It was built for the purpose of increasing the facilities for the religious and spiritual life of the church and is used for the same purpose as the old portion. The testimony went on to show that everything that goes on in the new part went on in the old part, and the town never imposed any tax until the new part was built. Recreational activities are allowed in the annex only when it is not being used for religious services.

The building is used primarily for meetings of a devotional nature, and no revenue is obtained from any activities which take place in the annex.

According to the evidence, it is one of the tenets of the Methodist Episcopal Church that recreational activities shall be provided for the church membership. An excerpt from the Discipline of the Methodist Episcopal Church was read into evidence. It reads as follows:

"Paragraph 71, Sec. 3. While we are aware that improper amusements are a fruitful source of spiritual decline, we also believe that the social and recreational instinct is God-given and, if properly guided, will strengthen rather than injure the spiritual life. The Church must no longer allow her youth to 'go into nearby villages and buy themselves the victuals of social life' but, rather, should say, 'Sit down and eat' of the clean, wholesome things provided by the Church, which seeks to build a social and recreational life that is spiritual and a spiritual life that is social and recreational.

"We commend, therefore, the successful work done in the Epworth League Institutes and the social and recreational activities conducted by the Sunday School as pointing toward a sane solution of the whole question of recreation and amusement for our young people, and we earnestly urge our Pastors and Churches everywhere to plan wisely and diligently for the social and recreational life of the youth of the Church. We plead for the recognition of all indoor and outdoor games and sports that are innocent, clean and wholesome, that they may be utilized to the highest degree in gripping not only the social life of our young people, but their moral and spiritual life as well. We advise that whenever possible our Churches be provided with such space and equipment as, under properly chosen and directed leaders, will build up the finest type of social life."

The use of the addition to the annex for recreational purposes was in

pursuance of this rule of the Church, and the use was in the opinion of the ministers of the church, a use exclusively for religious purposes as defined and understood by the doctrines of the church. Each church is required to make quarterly and annual reports of its social and recreational activities.

The religion of the Methodist Church includes social and educational life, and all of the activities that are carried on in the annex are included in the religion of the church and considered by the minister of the church as religious uses.

Rev. Mr. Genter, the former District Superintendent, testified that the activities of the Middletown church carried on in its annex, as testified to, were all expressional activities of the program of the church, and were in furtherance of the religious growth and life in that community. He also testified that these activities, as such, are not considered by the church as distinct from actual religious activities. He further went on to say that the Methodist denomination has come to see that in order to safeguard that part of its moral instruction and spiritual life, it is essential to have such a plant as the Middletown church, and the activities are all part of the expressional life which is religious.

The plaintiff contends that the annex or the building assessed is occupied and used exclusively for religious purposes within the meaning of Section 2 of Chapter 58 of the General Laws, which reads as follows:

"The following property shall be exempt from taxation: Buildings for religious worship and the land upon which they stand and immediately surrounding the same to an extent not exceeding one acre, so far as said building and land are occupied and used exclusively for religious or educational purposes."

This Court feels that under the facts appearing in the case the property assessed was exempt from taxation and that the church and annex were used primarily for religious and educational purposes. Although it may be true that the building was used at times for purposes that might not be construed as strictly religious or educational, this Court is of the opinion that all the uses to which the church and annex were put, under the rules of the Methodist Episcopal Church and under the advanced ideas of religion and education were religious and educational in their nature.

The statute in question was construed by Chief Justice Durfee in 1883 in the case of *St. Mary's Church* vs. *Tripp*, 14 R. I. 307. Upon all the facts and the law, this Court is of the opinion that the property of the plaintiff upon which the tax in question was assessed was at the time exempt from taxation.

Decision for the plaintiff for $65 with interest from the date of payment of said tax.

Attorney for plaintiff: Edward J. Tetlow.

Attorney for defendant: Burdick, Corcoran & Peckham.